**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TAMIKA CANADY, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:21-cv-5405-JDW |
| | : | |
| CREDIT ACCEPTANCE CORP, | : | |
| Defendant. | : | |

## MEMORANDUM

Plaintiff Tamika Canady has filed a *pro se* Complaint against Credit Acceptance Corporation ("CAC"), alleging violations of the Fair Credit Reporting Act and a Motion for Leave to Proceed *In Forma Pauperis*. The Court will grant her leave to proceed *in forma pauperis* and will dismiss her claim with leave to file an Amended Complaint.

## I.   FACTUAL ALLEGATIONS

Ms. Canady applied for a home mortgage loan in August 2021, but the lender denied her application. She then obtained copies of credit reports from major credit reporting agencies. She discovered that CAC had reported negative late payment information that showed in a tradeline on those reports. She claims that the information CAC supplied was false. On August 16, 2021, Ms. Canady mailed dispute letters to CAC and the consumer reporting agencies. On September 27, 2021, Ms. Canady mailed a dispute letter to CAC "disputing the negative late payment information listed in [her] consumer reports." (ECF No. 1, ¶ 11.) Although CAC responded, she says she received insufficient information

regarding her dispute and did not receive information to substantiate the negative late payment reporting.  CAC verified to the various credit reporting companies that the negative late payment information was accurate and complete.

Ms. Canady asserts that because of CAC's conduct, she suffered "actual damages, including but not limited to, mental and emotional distress, being denied credit, and being granted credit with a much higher interest rate" and damage to her credit reputation.  (*Id.* at ¶ 15.)  She requests recovery of compensatory, statutory, and punitive damages.

## II.    STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that she is unable to pay for the costs of his suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in forma pauperis*, the Court must determine whether the complaint states a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry requires the court to apply the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Under that standard, the court must take all well-pleaded allegations as true, interpret them in the light most favorable to the plaintiff, and draw all inferences in his favor. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). Moreover, because Ms. Canady is proceeding *pro se*, the Court must construe her pleadings liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

III.    **DISCUSSION**

    A.    **Leave To Proceed *In Forma Pauperis***

    Ms. Canady has completed the form provided on the Court's website for applications to proceed *in forma pauperis* and has attested under penalty of perjury that he cannot afford to pay the filing fees.  Moreover, her application to proceed *in forma pauperis* demonstrates that she lacks the income or assets to pay the required filing fees.  Therefore, the Court will grant her leave to proceed *in forma pauperis*.

    B.    **FCRA Claims**

    The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007).  In the language of the FCRA, credit reporting agencies "collect consumer credit data from 'furnishers,' such as banks and other lenders, and organize that material into individualized credit reports, which are used by commercial entities to assess a particular consumer's creditworthiness."  *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014).

    To state a plausible claim under the FCRA against a furnisher of credit information, as opposed to the credit reporting agency itself, a plaintiff must allege that she "filed a notice of dispute with a consumer reporting agency; the consumer reporting agency notified the furnisher of information of the dispute; and the furnisher of information failed to investigate and modify the inaccurate information."  *Harris v. Pa. Higher Educ. Assistance Agency/Am. Educ. Servs.*, Civ.

A. No. 16-693, 2016 WL 3473347, at *6 (E.D. Pa. June 24, 2016); *see also* 15 U.S.C. §§ 1681s-2(b).  If the furnisher fails to comply with its obligations under the Act, "the aggrieved consumer can sue for noncompliance." *Hoffmann v. Wells Fargo Bank, N.A.*, 242 F. Supp. 3d 372, 391 (E.D. Pa. 2017); *see also Eades v. Wetzel*, 841 F. App'x 489, 490 (3d Cir. 2021) (*per curiam*) ("[U]nder the FCRA, '15 U.S.C. § 1681s-2(b) is the only section that can be enforced by a private citizen seeking to recover damages caused by a furnisher of information.'" (quoting *SimmsParris*, 652 F.3d at 358) (alteration omitted)).  Where a plaintiff fails to allege that the defendant communicated inaccurate information to a credit reporting agency, what that information was, that she disputed the information with the credit reporting agency, and that the defendant failed to reasonably investigate the dispute after having been notified by the credit reporting agency, she has failed to state a plausible violation of the statute.  *See Pressley v. Capital One*, 415 F. Supp. 3d 509, 513 (E.D. Pa. 2019).

Ms.  Canady alleges in a broad, conclusory fashion that CAC is reporting false and inaccurate information about her to the credit bureaus.  But she does not make any factual allegations regarding the specific nature of the false and inaccurate information, she has not identified the accounts in question, she has not described with any specificity the misleading information, and she has not alleged that CAC failed to respond to a dispute from a credit bureau. She therefore has not alleged the factual detail needed to show that a statutory violation occurred.  *See Pressley*, 415 F. Supp. 3d at 513.

IV.     **CONCLUSION**

Because Ms. Canady has not included the required factual detail in her Complaint, the Court will dismiss it. But the Court will do so without prejudice, meaning that Ms. Canady can try again to submit an amended complaint with the required detail. An appropriate Order follows.

**BY THE COURT:**

_/s/ Joshua D. Wolson_
**JOSHUA D. WOLSON, J.**

January 6, 2022